**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GRAHAM LYELL,
*Plaintiff*,

Case No.: 8:26-cv-3071

v.

INDIAN ROCKS CHRISTIAN SCHOOLS, INC.,
and LEONARD WEAVER,
*Defendants*.
_______________________________/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Graham Lyell ("Lyell"), by and through undersigned counsel, sues Defendants Indian Rocks Christian Schools, Inc. ("IRCS") and Leonard Weaver ("Weaver"), and alleges:

## Jurisdiction and Venue

1. This Court has federal-question jurisdiction under 28 U.S.C. §1331 and 1343 because this action arises under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a

substantial part of the events giving rise to this claim occurred in this Judicial District.

2. The Court has supplemental jurisdiction over Plaintiff's related claims under Florida law pursuant to 28 U.S.C. §1367.

**Administrative Prerequisites**

4. All conditions precedent to bringing this action have occurred. Plaintiff, Lyell received the EEOC's July 10, 2026, Determination and Notice of Rights, and files this matter within 90 days of receipt, and relates to the charge underlying the federal claims pleaded herein. The records identify Lyell, Graham v. Indian Rocks Christian Schools, Inc., FCHR No. 2026120124 and EEOC No. 15D-2026-0121. They identify an initial FCHR filing dated March 6, 2026, an amended filing dated March 10, 2026, and a signed amended charge form date-stamped March 20, 2026. The amended charge alleges race discrimination, sex discrimination, and retaliation, and identifies February 25, 2026, as the most recent date of discrimination. The amended charge is designated as Exhibit A. The EEOC's Determination and Notice of Rights, dated July 10, 2026, states that the EEOC dismissed the charge without determining whether further investigation would establish a violation and requires suit within 90 days after receipt of the notice. These agency notices are designated as Exhibit A & B.

## Parties

5. Plaintiff Graham Lyell is an individual who, at all relevant times, resided in Pinellas County, Florida. Lyell is White and male.

6. Defendant Indian Rocks Christian Schools, Inc. ("IRCS") is a Florida entity doing business in Pinellas County, Florida, where its school is located at 12685 Ulmerton Road, Largo, Florida 33774. IRCS employed Lyell and exercised control over the terms and conditions of his employment. Defendant, Leonard Weaver ("Weaver"), a Black male, was employed by or acted as an agent of IRCS as a café manager and head football coach and Lyell's superior. Weaver worked in Pinellas County and is sued individually only on the claims for which individual liability is available. This is a complaint for damages against the Defendants in excess of Seventy FIve ($75,000.00) Thousand Dollars.

## Factual Allegations

7. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of her employee. IRCS hired Lyell as an eighth-grade science teacher for the 2025–2026 school year. He also performed seasonal football-coaching duties, including special-teams

coordinator and other coaching roles. Teaching was his primary employment responsibility with little to no training and performance related leadership by IRCS.

8. Lyell alleges that Weaver repeatedly berated him in front of players and coaches, made disparaging remarks about his work and compensation, and became physically and verbally confrontational when Lyell's teaching duties conflicted with football activities. Lyell alleges that Weaver demoted him from a coaching role in January 2026 while sending conflicting messages about whether he could regain it. Lyell also alleges Weaver declined to pay a coordinator stipend despite Lyell's performance of the relevant duties.

9. IRCS contends that Lyell had instructional and behavioral performance deficiencies documented beginning in October 2025. Lyell received corrective action and coaching, and was no longer a performance issue until Lyell started making complaints and Weaver and lack of training by ISRC . Lyell disputes IRCS's characterization and alleges that he was not adequately trained and that later support improved his performance.

10. On January 21, 2026, during the school day in the IRCS cafeteria, Weaver violently confronted Lyell in front of faculty, staff, and students. Lyell alleges Weaver got in his face as to intimidate and berate him publicly raised his voice, in a violent manner told him to "shut up" and "be quiet," and

repeatedly said, "You and I can go toe-to-toe," indicating physical violence and a fight outside, while pointing toward the turf area outside. Lyell understood Weaver's words and conduct as a threat of an imminent physical and verbal confrontation of which was unwarranted and not consented to by Lyell and outside of IRCS' code of conduct and anti-bullying and harassment policies. The amended charge identifies Mike Tambussi and Nycole Beckwith as witnesses and alleges that cafeteria security video captured the incident without audio.

11. Lyell alleges that on January 21, 2026, he submitted a written complaint to senior school leadership about Weaver's conduct and safety concerns, and forwarded the complaint to Human Resources on January 22, 2026. The amended charge identifies Dr. Chris Hobbs, Walt Weller, Melissa Williams, Ryan Johnson, and Pastor Aaron Filippone among those receiving or copied on the report. Lyell also resigned that day from his seasonal football-coaching duties, but alleges that this resignation did not end his teaching employment and that he expressly intended to continue teaching. IRCS permitted him to remain in his teaching position.

12. Lyell alleges that IRCS did not adequately respond to or protect him from Weaver's conduct. Lyell is White and Weaver is Black, as described in the amended charge. IRCS contends that it investigated, imposed interim

boundaries, and found no corroboration of a physical threat, characterizing the incident as a verbal workplace argument related to football duties however no involvement with Lyell or otherwise in football, teaching or otherwise was investigated. Lyell disputes IRCS's account and alleges that the school's response was inadequate. The amended charge alleges Lyell believed the response was different because he pursued a protected activity by making a complaint about Weaver and workplace concerns, is White and male, and that employees outside his protected classes would have received more serious intervention, would not have been ostracized, assaulted, retaliated against by others or terminated.

13. Lyell alleges that on or about January 25, 2026 he sent an additional email concerning the incident and related workplace concerns. He alleges that it was shared with another coach, who called him shortly thereafter and left a voicemail. On January 26, Lyell raised the disclosure with Principal Weller. The amended charge also reports alleged rumors and aggressive contact by Coach Kevin Harris following Lyell's complaint.

14. On February 11, 2206, Lyell asked Dr. Chris Hobbs whether a forthcoming meeting concerned his employment-related legal matter. Hobbs responded that it did not. Lyell declined a proposed February 17 meeting because Weaver was expected to attend and Lyell had safety concerns.

15. On February 19, 2026, administrators Melissa Williams and Walt Weller met with Lyell and told him that he would finish the school year. Lyell understood this as assurance that he would remain employed through the academic year. Lyell alleges that the administrators also recognized improvement in his teaching. IRCS contends that it had decided Lyell would not return for the next school year and that, after reviewing the February 13 professional-development seminar, it concluded he had missed the afternoon session and had been dishonest about his attendance. Lyell disputes IRCS's asserted grounds and characterization.

16. On February 25, 2026 while Lyell was teaching, IRCS administrators summoned him from class on short notice. Lyell alleges Dr. Hobbs presented a prepared resignation letter for Lyell's teaching position and gave him approximately fifteen minutes to resign immediately or face immediate termination for cause. Lyell alleges he requested time to review the letter and consult counsel, but that request was refused. He further alleges he was told resignation would allow him to be paid through March, and that additional paperwork was described at the meeting as "just confidentiality stuff." An NDA was presented to him later; Lyell alleges it included terms not disclosed at the meeting and that IRCS did not provide the promised pay. After the meeting, IRCS escorted Lyell from campus, and Principal Weller

sent a school-wide email announcing Lyell's resignation effective that day. Lyell's COBRA notice lists February 27, 2026, as his termination date.

17. The produced letter states that Lyell resigned from his teaching position effective February 25, 2026, bears Lyell's signature, and appears to bear a handwritten date of February 26, 2026. Lyell alleges that the letter did not reflect a voluntary choice because of the ultimatum and the circumstances in which it was presented. He alleges that his separation was an involuntary resignation or, in the alternative, a constructive discharge, subject to verification. IRCS disputes that account and characterizes the separation as a voluntary resignation offered instead of termination for performance issues, absence from professional development, and alleged dishonesty.

18. Lyell alleges the February 25, 2026 ultimatum, its timing, and its contrast with the February 19 assurance support an inference that IRCS's stated reasons are incomplete or pretextual and the basis for his constructive termination. He alleges lost wages and benefits and other harm, including disruption of planned medical care and in violation of Federal and State protected rights and activities..

19. The FCHR amended charge alleges race discrimination, sex discrimination, and retaliation and describes the January 21 incident and February 25

separation. It does not identify age discrimination. Lyell does not assert an age-discrimination claim in this action.

20. Lyell alleges that his January 21 report opposed conduct he believed was discriminatory based on race and sex, as well as reporting a threat and safety concerns. The amended charge describes his report to senior leadership on January 21 and forwarding the complaint to Human Resources on January 22. Lyell alleges that the February 25 ultimatum and separation followed his reports and other employment-related complaints and termination was retaliatory and in violation of his Federal and State rights..

**Count I: Race Discrimination in Violation of Title VII Against IRCS Only**

21. Lyell realleges paragraphs 1 through 20.

22. Title VII makes it unlawful for an employer to discriminate against an individual with respect to employment because of race. 42 U.S.C. § 2000e-2(a)(1). IRCS employed Lyell and subjected him to adverse treatment, including the handling of his complaint, changes to his coaching duties and compensation, and the circumstances surrounding his February 25 constructive separation.

23. Lyell alleges that his race was a motivating factor in IRCS's disparate treatment and response to his complaint, including its alleged failure to take his report as seriously as it would have if the participants' races were

different. The amended charge alleges that similarly situated employees outside Lyell's protected class would have received more serious intervention.

24. IRCS's conduct caused Lyell damages, including lost wages and benefits, emotional distress, and other harm. This count is asserted only to the extent it is within the scope of the administrative charge and the applicable right-to-sue and filing requirements have been satisfied.

**Count II: Sex Discrimination in Violation of Title VII Against IRCS Only**

25. Lyell realleges paragraphs 1 through 20.

26. Title VII makes it unlawful for an employer to discriminate against an individual with respect to employment because of sex. 42 U.S.C. § 2000e-2(a)(1). Lyell alleges that IRCS responded less seriously to the reported threat and treated him less favorably than it would have treated a female employee in comparable circumstances. The amended charge reports Lyell's belief that the matter would have been handled differently if he had been female.

27. IRCS's conduct caused Lyell damages, including lost wages and benefits, emotional distress, and other harm. This count is asserted only to the extent it is within the scope of the administrative charge and the applicable right-to-sue and filing requirements have been satisfied.

**Count III: Retaliation in Violation of Title VII Against IRCS Only**

28. Lyell realleges paragraphs 1 through 20.

29. Title VII prohibits an employer from discriminating against an employee because the employee opposed a practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). Lyell alleges that he opposed conduct he believed to be race- and sex-based discrimination by reporting Weaver's conduct to senior leadership on January 21 and forwarding the complaint to Human Resources on January 22, as described in the amended charge. A report of workplace hostility or safety concerns alone, without a reasonable connection to opposition to unlawful discrimination, is not alleged here to establish protected activity.

30. IRCS subjected Lyell to adverse actions, including the handling of his complaint and the February 25 ultimatum and separation. Lyell alleges that the timing, the February 19 assurance followed by the February 25 reversal, and the circumstances of his separation support a causal connection. IRCS disputes that account and attributes its actions to performance, professional-development attendance, and alleged dishonesty.

31. IRCS's actions caused Lyell damages, including lost wages and benefits, emotional distress, and other harm. This count is asserted only to the extent

it is within the scope of the administrative charge and the applicable right-to-sue and filing requirements.

**Count IV: Race Discrimination in Violation of the Florida Civil Rights Act Against IRCS Only**

32. Lyell realleges paragraphs 1 through 20.

33. The FCRA prohibits employment discrimination because of race. Fla. Stat. §760.10(1)(a). Lyell alleges that IRCS subjected him to the adverse treatment described above because of his race, including failing to respond to his complaint as seriously as it would have if the participants' races were different.

34. IRCS's conduct caused Lyell damages. This count is asserted only if the applicable FCRA administrative prerequisites, deadlines, and election-of-remedies requirements permit it.

**Count V: Sex Discrimination in Violation of the Florida Civil Rights Act Against IRCS Only**

35. Lyell realleges paragraphs 1 through 20.

36. The FCRA prohibits employment discrimination because of sex. Fla. Stat. §760.10(1)(a). Lyell alleges that IRCS responded less seriously to his report

and treated him less favorably than it would have treated a female employee in comparable circumstances.

37. IRCS's conduct caused Lyell damages.

**Count VI: Retaliation in Violation of the Florida Civil Rights Act Against IRCS Only**

38. Lyell realleges paragraphs 1 through 20.

39. The FCRA prohibits an employer from retaliating against an employee because the employee opposed a practice prohibited by the FCRA. Fla. Stat. §760.10(7). Lyell alleges that he opposed conduct he believed to be race- and sex-based discrimination by reporting Weaver's conduct to senior leadership on January 21 and forwarding his complaint to Human Resources on January 22. Lyell alleges that a safety or bullying complaint existed with reasonable connection to his unlawful discrimination, constitutes a protected activity.

40. IRCS subjected Lyell to adverse actions, including the February 25 ultimatum and separation. Lyell alleges that the timing and circumstances described above support a causal connection. Lyell disputes IRCS assertions that termination resulted from performance concerns, those reasons and their characterization.

41. IRCS's actions caused Lyell damages.

**Count VII: Race Discrimination in Violation of 42 U.S.C. §1981 Against IRCS and Weaver**

42. Lyell realleges paragraphs 1 through 20.

43. Section 1981 protects the equal right of all persons to make and enforce contracts without racial discrimination. 42 U.S.C. § 1981(a), (b). Lyell's employment relationship with IRCS involved the making and enforcement of a contractual relationship. Lyell alleges that Defendants intentionally discriminated against him because he is White in the making, performance, or termination of that relationship.

44. Lyell alleges Weaver personally participated in the conduct described above, including the January 21, 2026 assault, confrontation and conduct affecting Lyell's coaching and teaching duties.

45. IRCS is liable to the extent its agents acted within the scope of their authority or IRCS's policies, customs, or decisions caused the alleged discrimination. Defendants' conduct caused Lyell damages, including lost compensation and benefits and emotional distress.

**Count VIII: Assault Under Florida Law Against Weaver**

46. Lyell realleges paragraphs 1 through 20.

47. Under Florida law, assault requires an intentional, unlawful threat by word or act to do violence to another, coupled with an apparent ability to carry out the threat, creating a well-founded fear that violence is imminent. See Fla. Stat. §784.011(1).

48. On January 21, 2026, Weaver confronted Lyell, repeatedly said, "You and I can go toe-to-toe," told Lyell to "shut up" or "be quiet," and pointed toward the turf area outside. Lyell alleges Weaver's words, gestures, conduct, and proximity conveyed an imminent threat of physical violence; Weaver appeared capable of carrying it out; and Lyell reasonably feared an immediate physical confrontation coupled with a public verbal assault that was intentional.

49. Weaver's conduct caused Lyell injury and damages, including emotional distress and related harm.

**<u>Prayer for Relief</u>**

WHEREFORE, Lyell requests judgment against Defendants, as applicable, for:

A. Declaratory relief that Defendants violated applicable law;

B. Back pay, lost stipends, lost benefits, and other compensatory economic damages;

C. Front pay or reinstatement, as appropriate;

D. Compensatory damages for emotional distress and other non-economic harm, subject to applicable statutory limits;

E. Punitive damages where permitted by law and supported by the evidence;

F. Prejudgment and postjudgment interest as allowed by law;

G. Reasonable attorney's fees and costs as authorized by law; and

H. Such other relief as the Court deems just and proper.

## Demand for Jury Trial

Lyell demands a trial by jury on all issues so triable.

Dated: October 8, 2026

Respectfully submitted,
*/s/ Shannon A. Ligon, Esq.*
SHANNON A. LIGON
Florida Bar No.: 59191
Ligon Law Group, LLC d/b/a PrettySMART Law
121 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: 888.779.7426
Email: shannon@prettysmartlaw.com
Counsel for Plaintiff, Graham Lyell

**Exhibit A**

Amended Charge of Discrimination\ Lyell, Graham v. Indian Rocks Christian Schools, Inc.\ FCHR No. 2026120124; EEOC No. 15D-2026-0121

**Exhibit B**

EEOC Determination and Notice of Rights/ Dated July 10, 2026; EEOC Charge No. 511-2026-01968 FCHR Determination: No Reasonable Cause and Notice of Determination / Dated September 2, 2026; FCHR No. 2026120124; EEOC No. 15D-2026-01211